UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATHLEEN A. K.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:19-CV-00537-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly dismissed several medical opinions. Had the ALJ properly considered the opinions, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On August 29, 2013, Plaintiff filed applications for DIB and SSI, alleging disability as of June 7, 2013. Dkt. 12, p. 1. The application was denied upon initial administrative review and on reconsideration. *See* Dkt. 8, Administrative Record ("AR") 20. A hearing was held before ALJ Tom L. Morris on March 10, 2015. AR 20. In a decision dated June 17, 2015, the ALJ determined Plaintiff to be not disabled. AR 34. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly: (1) assess the medical opinions in the record; and (2) evaluate Plaintiff's subjective testimony regarding her conditions. Dkt. 12, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.   Whether the ALJ properly evaluated the medical evidence.**

Plaintiff asserts the ALJ improperly rejected the opinions from Plaintiff's treating and examining physicians regarding her physical and mental impairments and adopted the opinions of the nonexamining State agency physicians. Dkt. 12, p. 10.

The ALJ must provide "clear and convincing" reasons for denying an uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When either a treating or an examining physician's opinion is contradicted, the ALJ may deny the opinion "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may do so by setting out "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). Lastly, The ALJ may discount testimony from "other sources," such as from a Physician's Assistant or a Licensed Mental Health Counselor, if the ALJ "'gives reasons germane to each witness for doing so.'" *See Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1224 (9th Cir.2010) (quoting *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001)).

First, Plaintiff asserts the ALJ improperly gave little weight to Dr. Vanessa B. Edrich's opinions. Dkt. 12, pp. 10-12. Dr. Edrich, who has been treating Plaintiff since 2002, completed medical source statements in February 2005, July 2014, December 2014, August 2015, and September 2018. AR 700-702, 704. In the September 2018 statement, Dr. Edrich opined that "claimant could not meet the demands of even sedentary work" because of her physical limitations, such as not being able to carry any amount of weight, or the need to use the restroom up to every 20 minutes. AR 701. The ALJ discussed Dr. Edrich's September 2018 opinion and found it was entitled to little weight, stating:

> The undersigned finds Dr. Edrich's opinion as reflected in this form entitled to little weight as (1) it is not supported by her own treating records or with the other medical records of evidence and (2) is not consistent with the claimant's daily activities as discussed previously.

AR 701 (numbering added).

The ALJ discounted Dr. Edrich's September 2018 opinion for two reasons. First, he states Dr. Edrich's opinion is not supported by her own treating records or with the other medical records of evidence. Second, he states Dr. Edrich's opinion is not consistent with Plaintiff's daily activities. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted). An ALJ merely offers his conclusion when his statement "stands alone, without any supporting facts…" *Hess v. Colvin*, No. 14–8103, 2016 WL 1170875, at *3 (C.D. Cal. Mar. 24, 2016).

Here, the ALJ failed to offer a substantive basis for discounting Dr. Edrich's September 2018 opinion. Instead, he merely states that Dr. Edrich's opinion is not consistent with her own treating records of Plaintiff or with other medical records of evidence, without citing any support for these claims. Without providing specific and legitimate reasons for denying Dr. Edrich's opinion, the ALJ's opinion is, by definition, conclusory. Further, merely stating that a doctor's opinion is inconsistent with the medical evidence "does not achieve the level of specificity our prior cases have required…" Thus, the ALJ's first reason for giving little weight to Dr. Edrich's

September 2018 opinion is not a specific and legitimate reason supported by substantial evidence.

Second, the ALJ gave little weight to Dr. Edrich's September 2018 opinion because the opinion is inconsistent with Plaintiff's daily activities. AR 701. An ALJ may discount a physician's findings if those findings appear inconsistent with a plaintiff's daily activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Here, the ALJ fails to identify the relevancy of any of Plaintiff's activities of daily living and explain how Plaintiff's activities of daily living are inconsistent with Dr. Edrich's opinion. *See* AR 701. Thus, the ALJ's statement that Dr. Edrich's opinion "is not consistent with the claimant's daily activities…" is conclusory and not a valid reason for discounting Dr. Edrich's September 2018 opinion. Accordingly, the ALJ's second reason for giving little weight to Dr. Edrich's September 2018 opinion is not a specific and legitimate reason supported by substantial evidence. *See Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (finding the ALJ erred when he failed to explain why the claimant's daily activities were inconsistent with the doctor's opinion).

For the above stated reasons, the Court concludes the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for giving little weight to Dr. Edrich's September 2018 opinion. Accordingly, the ALJ erred.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the

record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, the ALJ improperly disregarded Dr. Edrich's opinions and her finding that Plaintiff cannot perform even sedentary work. The RFC included Plaintiff being able to perform sedentary work. AR 706. As Dr. Edrich found Plaintiff could not perform the demands of even sedentary work, the ultimate disability decision would have changed if her September 2018 opinion was given greater weight. *See Molina*, 674 F.3d at 1115-117. Therefore, the ALJ's error is not harmless and requires remand.

The ALJ gives varying amounts of weight to the opinions of several other medical providers many of which based on conclusory reasoning. For example, the ALJ concluded that treating neurosurgeon Dr. Stephen C. Houston's opinion was "clearly intended as a short-term limitation only" without providing any evidence showing Dr. Houston's intention for his opinion to be a short-term limitation. AR 699. The ALJ's conclusory decision, without any further support, is not a specific and legitimate reason supported by substantial evidence. Likewise, Licensed Mental Health Counselor Eileen Bowen opined that Plaintiff is "extremely limited in understanding, remembering, and carrying out detailed instructions, maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance, and working in coordination with other people without being distracted by them." AR 704. Without providing support for his conclusion, the ALJ gave her opinion little weight "due to her failure to provide any explanation for her findings…" AR 704. The ALJ's conclusory finding, without further support, is not a germane reason for discounting Ms. Bowen's opinion. Similarly, vocational rehabilitation counselor Joy Armstrong described Plaintiff as having adverse symptoms in an "unacceptable level for the workplace…" AR 704. The ALJ gave her

opinion little weight and concluded, without support, that this was proper because "the record does not support her overall conclusions." The ALJ's conclusory finding, without further backing, is not a germane reason for discounting Ms. Armstrong's opinion. As the ALJ failed to properly consider the medical opinion evidence, on remand, the ALJ is directed to reconsider all the medical opinion evidence, including all opinions of Dr. Edrich, Dr. Houston, Ms. Bowen, and Ms. Armstrong.

**II.     Whether the ALJ provided proper reasons for discounting Plaintiff's subjective symptom testimony.**

Plaintiff argues that the ALJ improperly rejected Plaintiff's subjective testimony regarding her limitations and pains. Dkt. 12, p. 5. The Court concludes the ALJ committed harmful error in assessing the medical and lay opinion evidence and must re-evaluate all the evidence on remand. *See* Section I, *supra.* Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 27th day of September, 2019.

_David W. Christel_
David W. Christel
United States Magistrate Judge